IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSSISSIPPI
GREENVILLE DIVISION

JAMIE GIVENS                                                                                    PLAINTIFF

V.                                                                            NO. 4:11-CV-029-SA-DAS

FOOD GIANT SUPERMARKETS, INC.                                              DEFENDANTS
D/B/A BIG STAR 9 AND BIG STAR AND
JOHN DOES #1-10

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiff's Motion to Remand [15] this matter to the Circuit Court of Leflore County, Mississippi. The Court finds that the motion should be granted as the amount in controversy does not exceed $75,000.

### FACTUAL BACKGROUND

The Plaintiff originally filed this action in the Circuit Court of Leflore County, Mississippi. Plaintiff asserts state law claims for negligence in connection with injuries the Plaintiff alleges she suffered as a result of a fall while on the Defendant's premises in Greenwood, Mississippi. The Complaint seeks an unspecified amount of compensatory damages for past and future medical expenses, physical and emotional pain, lost wages, and attorneys' fees. The Defendant subsequently removed the case to this Court, asserting diversity jurisdiction as the basis for removal. The Plaintiff has moved to remand this case to state court, contending that federal jurisdiction does not exist because the amount in controversy requirement has not been satisfied.

### REMAND STANDARD

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

Specifically, in cases such as this one, where the plaintiff concedes that the action is between citizens of different States but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages—as set forth in the complaint—normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith"); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

**DISCUSSION**

Here, Plaintiff is seeking an unspecified amount of damages. After Defendant removed the case, the Plaintiff executed a stipulation that her damages do not exceed the jurisdictional amount, and "agree[d] pursuant to the terms of this stipulation not to seek damages in excess of $75,000.00 less interest to which she may or may not be entitled." Based on Plaintiff's stipulation, Defendant has no objection to this matter being remanded.

In light of Plaintiff's stipulation that the amount in controversy in this case is less than $75,000.00, the Court finds that federal jurisdiction is not present. Accordingly, Plaintiff's Motion to Remand is granted.

**CONCLUSION**

The Court concludes that federal subject matter jurisdiction pursuant to 20 U.S.C. § 1332 is not present as the amount in controversy does not exceed $75,000. As such, the Court GRANTS Plaintiff's Motion to Remand [15].

This matter is REMANDED to the Circuit Court of Leflore County, Mississippi; therefore, this case is CLOSED.

SO ORDERED on this, the 17th day of October, 2011.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**